UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                      Criminal No. 06-mj-048-MJ

<u>Howard Dennis Kelly</u>


<u>ORDER OF DETENTION PENDING TRIAL</u>

    Upon motion of defendant, without objection by the government, a bail hearing was conducted on May 11, 2006, for the purpose of determining whether to detain defendant, Howard Dennis Kelly, who has been indicted on an escape charge, 18 U.S.C. § 876.[1]

    Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

    Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall

---

[1] It is not clear under the amended Federal Rules that defendant is entitled to a detention hearing in the arresting jurisdiction. <u>See</u> <u>United States v. Zu Quan Zhu</u>, 215 F.R.D. 21 (D.Mass. 2003) (no jurisdiction); <u>United States v. Vega</u>, 438 F.3d 801, 802 (7th Cir. 2006) (implicit recognition of jurisdiction).

consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight.  See Patriarca, 948 F.2d at 792-93.

Here, I find that the defendant has met its burden.  Specifically, the nature of the offense, "escape," certainly suggests a risk of flight.  The indictment itself and the furlough application provide sufficient weight.  His prior criminal record, new charges in Maine, and prior escape combined with no ties to the community mandate detention.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for transport to the Western District of New York to answer the indictment.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:  May 12, 2006

cc:  Jonathan R. Saxe, Esquire
     Mark E. Howard, Esquire
     U.S. Marshal
     U.S. Probation